**OAKLEY v. LOUISVILLE & N. RY. CO.**

No. 10648.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1948.

Claude P. Stephens, of Lexington, Ky. (Claude P. Stephens and Kit C. Elswick, both of Lexington, Ky., on the brief), for appellant.

James Park, of Lexington Ky., and Richard R. Lyman, of Toledo, Ohio (Willard H. McEwen, of Toledo, Ohio, C. S. Landrum and C. E. Rice, Jr., both of Lexington, Ky., on the brief), for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant commenced working for the Louisville and Nashville Railroad Company as an apprentice machinist at Louisville, Kentucky, on July 1, 1938, and in 1941, was promoted to the position of machinist at the same place. In 1943, he gave up his seniority rights in that place in order to be transferred to the yards of the railroad company at Loyall, Kentucky, as a locomotive machinist. On July 6, 1943, he began work in that capacity at Loyall and established seniority there as of that date. He continued in such employment until May 7, 1944, when he was inducted into the armed forces of the United States. Thereafter, he served in the army until May 22, 1946, when he was honorably discharged. While he was serving in the army, the amount of machinist work had so decreased at Loyall that the railroad company, on July 1, 1945, reduced its force at that point. At that time, the machinists in the employ of the railroad company at Loyall were given the right to transfer to the shops at Corbin, Kentucky, and were given seniority at the latter place as of the date of their transfer.

Appellant, on June 1, 1946, within ninety days after his discharge from the army, applied for re-employment in the position which he occupied with the company at the time he was inducted into the armed services and asked for the seniority status and pay that he would have had if he had continued in the employ of the company in lieu of his service in the army. After appellant had made this application, he was re-employed as locomotive machinist at Corbin, Kentucky, on July 17, 1946, and was given seniority at that place as of that date. He thereafter filed his complaint against the company in the district court, claiming that under the Selective Service Act of 1940, he was entitled to seniority as of July 1, 1945, the date on which the other employees of the company at Loyall transferred to the shops at Corbin, to which point he states he would have transferred if he had not been in the armed services.

By order of the district court, System Federation No. 21 of the Railway Em-

ployees Department of the American Federation of Labor was granted leave to intervene, and thereupon moved to dismiss appellant's complaint on the ground that under Section 8(c) of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A.Appendix, § 308(c), a veteran's right to restoration to employment without loss of seniority is terminated one year after such restoration; and that more than one year had elapsed since appellant had been restored to employment with the railroad company.

The district court dismissed appellant's petition on the ground that the statute in question controlled and that under its terms, appellant was not entitled to the relief claimed.

Section 8(c) of the Selective Training and Service Act of 1940 provides:

"Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."

In Trailmobile Co. et al. v. Whirls, 6 Cir., 154 F.2d 866, 870, this court had occasion to consider the above section of statute and held that: "the last provision in paragraph (c), that the veteran 'shall not be discharged from such position without cause within one year after such restoration,' is a *separate, distinct and independent benefit and should not be construed as limiting to one year the restoration of the veteran to his former position without loss of seniority.* While he may not be discharged without cause within one year, if he is not so discharged he retains his seniority status as long as the Selective Training and Service Act in its present phraseology remains in effect." (Emphasis supplied.) The holding of this court in the foregoing case was, however, reversed by the Supreme Court in Trailmobile Co. et al. v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328, in which it was held that the statutory protection afforded by Section 308(c) which gave the re-employed veteran a preferred standing over employees not veterans having identical rights as of the time of his restoration to employment, was terminated one year after his restoration to service.

Appellant bases his right to the seniority claimed squarely upon the terms of the statute. He was entitled to restoration to employment without loss of seniority for one year after he was taken back into the employ of the company. That period, however, having had elapsed after his restoration to employment, he was not entitled, under the provisions of the law, to the preferred seniority standing which he claimed.

The judgment of the district court dismissing appellant's complaint is, accordingly, affirmed.