## OAKLEY *v.* LOUISVILLE & NASHVILLE RAIL- ROAD CO. ET AL.

NO. 28.

Argued October 17–18, 1949.—Decided November 14, 1949.

*Morton Liftin* argued the cause for petitioners. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison, Stanley M. Silverberg* and *Samuel D. Slade.*

*C. S. Landrum* argued the cause for respondent in No. 28. With him on the brief was *H. T. Lively.*

*Cornelius J. Petzhold* argued the cause for respondent in No. 29. With him on the brief were *Carl M. Jacobs, W. S. Macgill* and *Sidney S. Alderman.*

*Richard R. Lyman* argued the cause for System Federation No. 91 et al., respondents in Nos. 28 and 29. With him on the brief were *James Park, Clarence M. Mulholland* and *Edward J. Hickey.*

MR. JUSTICE BURTON delivered the opinion of the Court.

In both No. 28 and No. 29, the issue is whether, under the Selective Training and Service Act of 1940,[1] one year of reemployment of a veteran by his preservice employer terminated that veteran's right to the seniority to which he was entitled by virtue of that Act's treatment of him as though he had remained continuously in his civilian employment. For the reasons hereinafter stated, and pursuant to our previous decisions, our answer is "No." In No. 29, there is the further question whether, after the expiration of such year, a United States District Court could entertain a complaint filed by the veteran to enforce his right to such seniority. Our answer is "Yes."

In each case, a veteran sought, in the United States District Court for the Eastern District of Kentucky, a declaratory judgment and an order restoring him to the seniority which he claimed he would have had if he had remained continuously in his civilian employment. In No. 28, Oakley, the petitioner, alleged that when he was inducted into the Armed Forces on May 7, 1944, he was employed as a locomotive machinist at Loyall, Kentucky,

---

[1] See especially, § 8 (a), (b), (c) and (e), 54 Stat. 890, as amended, 56 Stat. 724, 58 Stat. 798, 60 Stat. 341, 50 U. S. C. App. § 308 (a), (b), (c) and (e). See also, *Fishgold* v. *Sullivan Corp.,* 328 U. S. 275, 278, 280, 281, for reprints of the material portions of the Act.

by the respondent, Louisville & Nashville Railroad Company; that, on May 22, 1946, he was honorably discharged from the Armed Forces; that, on July 17, 1946, he was reemployed by the respondent as a locomotive machinist with seniority from that date; that, on July 1, 1945, while he was with the Armed Forces, the respondent's Loyall Shop was transferred to Corbin, Kentucky; "that had he not been in the Armed Forces he would have been transferred to the Corbin Shop with seniority from July 1, 1945, . . ."; and that, because of the respondent's failure to credit him with seniority from the earlier date, he has been subjected to certain disadvantages in working hours and to an increased possibility of being laid off from his employment. He filed his complaint, April 14, 1947, under § 8 (e) of the Selective Training and Service Act of 1940, 54 Stat. 891, as reenacted, 60 Stat. 341, 50 U. S. C. App. § 308 (e). The court, on its own motion, assigned the case for argument "upon the question whether, under the opinion of the Supreme Court in The Trailmobile Company, et al., v. Whirls (No. 85, April 14, 1947), the cause has been rendered moot by the expiration of the statutory year to which Section 8 (c) of the Selective Training and Service Act limited plaintiff's right to any special or preferential standing in respect to restored seniority." Thereupon, the collective bargaining agent of the machinist employees of the respondent, which had intervened as a defendant, moved to dismiss the cause on the ground that more than one year had elapsed since the date of the petitioner's restoration to his employment. This motion is here considered upon the basis of the facts pleaded in the complaint.[2]

---

[2] The respondent previously had answered, filed a request for admissions under Rule 36, Federal Rules of Civil Procedure, received petitioner's admissions, and moved for summary judgment on the pleadings, the admissions, and an affidavit filed in support of the mo-

In No. 29, Haynes, the petitioner, alleged that, when he enlisted in the Armed Forces on February 1, 1942, he was employed as a machinist helper at Somerset, Kentucky, by the respondent, Cincinnati, New Orleans and Texas Pacific Railway Company (originally sued as the Southern Railway System); that, on October 31, 1945, he was honorably discharged from the Armed Forces; that, on November 16, 1945, he was reemployed by the respondent as a machinist helper, with seniority from that date; "that during his service in the Armed Forces the defendant company promoted six helper machinists to helper apprentices, and that these six men were junior in seniority to himself, and that had he not entered the Armed Forces as above mentioned he would have been promoted to helper apprentice and would have been given the pay as such, . . ."; and that such rate of pay exceeded that of the petitioner during his reemployment. He filed his complaint, February 14, 1947, asking for restoration to his claimed status and for the additional compensation to which that status would have entitled him. The respondent answered, but certain intervening defendants, following a procedure similar to that in No. 28, filed a motion to dismiss the cause for the reasons there stated.

The District Court heard the motions together and dismissed both actions.[3] The Court of Appeals for the Sixth

---

tion. In the meantime, System Federation No. 91 of the Railway Employes' Department of the American Federation of Labor, acting on its own behalf and as the collective bargaining agent of respondent's machinist employees, was permitted to intervene and to answer. It then filed the motion to dismiss the cause which was acted upon by the court. Accordingly, neither the answers nor the motion for summary judgment are before us, and we have considered the case on the petitioner's allegations in his complaint.

[3] In No. 28, the court said:

"This cause coming on to be heard on the motion of the intervening defendants to dismiss the cause on the ground that the question pre-

Circuit affirmed.   170 F. 2d 1008; 171 F. 2d 128.   We granted certiorari, 336 U. S. 943, because of the close relation of these dismissals to our decisions in *Fishgold* v. *Sullivan Corp.*, 328 U. S. 275, and *Trailmobile Co.* v. *Whirls*, 331 U. S. 40.

The court below recognized that § 8 (c)[4] granted to the respective veterans special statutory protection against discharge without cause and against loss of certain benefits during the first year of their reemployment. That court, however, concluded also that the expiration of that year not only terminated the veteran's right to such special statutory protection, but likewise automatically terminated his right to the seniority in the restored position which he would have had if he had remained continuously in his civilian employment.   That additional conclusion is not justified by the opinions of this

---

sented has become moot, because more than one year has elapsed since the date of the plaintiff's restoration to employment with the defendant, L. & N. Railroad Company, and the Court being advised, it is ordered and adjudged that said motion be, and the same is hereby, sustained, and this action is now dismissed as moot, without cost to either the plaintiff, or the defendant, or the intervening defendants."

In No. 29, the entry was the same except for the name of the defendant railway.

[4] "Sec. 8. . . .

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration." 54 Stat. 890, as reenacted, 60 Stat. 341, 50 U. S. C. App. § 308 (c).

Court or by the terms of the Act. We reserved the point in the *Trailmobile* case, *supra:*

> "We find it unnecessary therefore to pass upon petitioners' position in this case, namely, that all protection afforded by virtue of § 8 (c) terminates with the ending of the specified year. We hold only that so much of it ends then as would give the re-employed veteran a preferred standing over employees not veterans having identical seniority rights as of the time of his restoration. We expressly reserve decision upon whether the statutory security extends beyond the one-year period to secure the reemployed veteran against impairment in any respect of equality with such a fellow worker." (At p. 60.)

In the *Fishgold* case, we did not deal with the effect, if any, upon a veteran's seniority, of the expiration of his first year of reemployment. We there dealt with the initial terms of his restored position. We stated, in effect, that an honorably discharged veteran, covered by the statute, was entitled by the Act to be restored not to a position which would be the precise equivalent of that which he had left when he joined the Armed Forces, but rather to a position which, on the moving escalator of terms and conditions affecting that particular employment, would be comparable to the position which he would have held if he had remained continuously in his civilian employment. *Fishgold* v. *Sullivan Corp.*, 328 U. S. 275, 284–285; see also, *Aeronautical Lodge* v. *Campbell*, 337 U. S. 521, 526. In the *Trailmobile* case, *supra,* at pages 56 and 60, we dealt with the one year of special statutory protection given to the veteran in his restored position. We said, in effect, that this provision protected him not only from the total loss of that position by "discharge" from it "without cause," but that it also pro-

tected him, for one year, against the loss of certain other benefits incidental to his restored position.

The instant cases take us one step further. In them we hold that the expiration of the year did not terminate the veteran's right to the seniority to which he was entitled by virtue of the Act's treatment of him as though he had remained continuously in his civilian employment; nor did it open the door to discrimination against him, as a veteran. Section 8 (c) of the Act requires that the veteran shall be restored to his position "without loss of seniority, . . . ." He therefore assumes, upon his reemployment, the seniority he would have had if he had remained in his civilian employment. His seniority status secured by this statutory wording continues beyond the first year of his reemployment, subject to the advantages and limitations applicable to the other employees.

In the instant cases, the respective complaints stated, in effect, that the complainants therein had not been restored to the places to which they were entitled on the escalators of their respective civilian employments. In No. 28, the allegation was that the petitioner was entitled, by virtue of the status he would have enjoyed had he remained continuously in his civilian employment, to the seniority of a locomotive machinist at Corbin from July 1, 1945, rather than from July 17, 1946. If he were entitled to the higher rating upon his reemployment, the Act did not deprive him of that rating merely by virtue of the expiration of his first year of reemployment. The motion to dismiss this action because of the expiration of that year, accordingly, should have been denied.

In No. 29, we reach the same result. That result is not affected by the failure of the veteran, in this case, to file his complaint until nearly three months after the expiration of his first year of reemployment. The Act did not establish a one-year statute of limitations upon the asser-

tion of the veteran's initial rights of reemployment. It added special statutory protection, for one year, against certain types of discharges or demotions that might rob the veteran's reemployment of its substance, but the expiration of that year did not terminate the right of the veteran to the seniority to which he was, in the first instance, entitled by virtue of the Act's treatment of him as though he had remained continuously in his civilian employment.

The judgment of the Court of Appeals in each case is therefore reversed and the respective causes are remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE JACKSON concurs in the result.

MR. JUSTICE DOUGLAS took no part in the consideration or decision of these cases.