## RADER
### v.
## NORTHWEST EXTERMINATING CO., Inc. et al.

United States District Court
S. D. New York.
April 12, 1954.

Rubin H. Marcus, New York City, for plaintiff.

Henry Amster, New York City, for defendant Northwest Exterminating Company, Inc.

IRVING R. KAUFMAN, District Judge.

The defendant, Northwest Exterminating Company, Inc.[1] moves to dismiss plaintiff's first and second causes of action for failure to state grounds upon which relief can be granted.

Plaintiff brought. this action under Section 8(b) (B), (c) and (d) of the reemployment provisions of the Selective Training and Service Act (hereafter the Act) 50 U.S.C.A.Appendix § 459.[2] Section 8(b) (B) of the Act requires that a person discharged after serving with the Armed Forces shall be reemployed upon due application and that the employer shall restore such person to his old position or "to a position

1. There are three defendants in the instant case but for the purposes of this motion, I am concerned only with Northwest Exterminating Co., Inc.

2. Selective Training and Service Act of 1940, § 8(b) (B), (c, d), now Universal Military Training and Service Act, § 9, 50 U.S.C.A.Appendix, § 459.

of like seniority, status, and pay", providing the employee is still qualified to perform the duties of his old position and the employer's circumstances have not so changed as to make it impossible or unreasonable to do so. Subsection (c) of the Act repeats the requirement for restoration without loss of seniority and gives the additional benefit of immunity from discharge without cause for one year after restoration. Subsection (d) gives jurisdiction of this action to the District Court.

Plaintiff was employed by defendant from 1936 until the time he entered the service in April, 1942. Upon his honorable discharge from service in December, 1945, plaintiff duly applied for and was returned to his former job with defendant. In November, 1948, as a result of declining business, three employees, including plaintiff, were laid off. The company's rules for discharge of employees in case of insufficient work were based upon a collective bargaining agreement and were in accord with rules of seniority; that is, the last employee hired should be the first laid off.

Plaintiff, for his first cause of action, alleges in substance that he was deprived of his rights under the Act's reemployment provisions in that, when he was rehired, defendant failed to restore him to the same seniority status he would have enjoyed had he not previously been absent in service. If defendant had accorded him his proper seniority status, plaintiff contends, he would have been second in seniority in a shop of about twenty men and would not have been laid off when only three men were discharged in November 1948.

Defendant grounds its motion to dismiss the first cause of action on the assumption that because plaintiff's discharge occurred some three years after his separation from the Service, the Act does not protect him, since subsection (c) provides that a restored employee "shall not be discharged from such position without cause within *one year* after such restoration." (Italics supplied.)

Defendant, however, fails to appreciate that plaintiff's first cause of action is not fundamentally based on the fact that he was laid off in 1948. It is based on the allegation that he was, from the beginning of his reemployment, wrongfully deprived of his seniority status, and that his discharge in 1948 was the result of this wrongful deprivation.

In Oakley v. Louisville & N. R. Co., 1949, 338 U.S. 278, 70 S.Ct. 119, 94 L. Ed. 87, the Supreme Court distinguished between a reemployed veteran's right to continued employment, which it had previously held lasted for *one year* under the statute, and the veteran's right to his seniority status. The Court noted in 338 U.S. at page 284, 70 S.Ct. at page 122:

"Section 8(c) of the Act requires that the veteran shall be restored to his position 'without loss of seniority, * * *' He therefore assumes, upon his reemployment, the seniority he would have had if he had remained in his civilian employment. His seniority status secured by this statutory wording continues beyond the first year of his reemployment, subject to the advantages and limitations applicable to the other employees."

Applied to the facts here, the Oakley rule means that plaintiff has a cause of action under the Act if he can prove his allegations that he was discriminated against *as a veteran* by not being restored to his proper seniority and that as a result, he lost his job in November, 1948.

Defendant further urges that the Act does not authorize the present suit for money damages accrued over a period of three years after plaintiff was laid off. Subsection (d) however provides that

"In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c) * * * the district court * * * shall have power * * * specifically to require such

employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action * * *." 50 U.S.C.A.Appendix, § 459(d).

Plaintiff therefore clearly has a right to sue for money damages sustained as a result of defendant's alleged wrongful failure to restore him to proper seniority status. See Feore v. North Shore Bus Co., 2 Cir., 1947, 161 F.2d 552.[3]

 Plaintiff's second cause of action repeats in substance the allegations of the first cause of action and further alleges that by disregarding plaintiff's proper seniority and discharging him, defendant breached its collective bargaining agreement with the Union to lay off men for lack of work according to seniority. The second cause of action is, in effect, a breach of contract action by plaintiff as a third party beneficiary of the Union contract made for his benefit. Having already held that plaintiff has a right to sue for defendant's alleged failure to accord him his proper seniority, no reason appears to warrant dismissal of plaintiff's second cause of action. If plaintiff was discharged in violation of a contract of which he was the third party beneficiary, he has a right to sue for breach of that contract. See 2 Williston on Contracts, § 356 et seq. The allegations of the second cause seem to indicate a claim in behalf of a third party beneficiary, but the trial court will determine whether in fact plaintiff is a third party beneficiary entitled to plead this cause of action.

It is clear that on applications of this character the most favorable con-

struction will be given to the complaint and any ambiguity will be resolved in plaintiff's favor. Virgin Islands Corporation v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61.

The motion is in all respects denied. Settle order.

---

3. Defendant urges that to allow suit here, for money damages for three years after plaintiff's discharge in 1948, would open the way for suits commenced five or ten years after a reemployed veteran was discharged, with damage claims increased by the number of years a plaintiff waited to sue. The simple answer to this contention is that, absent some specific limitation period in the federal act, either state statutes of limitations, Walsh v. Chicago Bridge & Iron Co., D.C.N.D.Ill.1949, 90 F.Supp. 322, 326, or the doctrine of laches are sufficient safeguards against any such attempted exploitation of the Act's protective provisions. See Cummings v. Hubbell, D.C.W.D.Pa.1947, 7 F.R.D. 360, 362. Cf. the similar problem which arose in connection with back-pay claims under the Wagner Act, 29 U.S.C.A. § 151 et seq., 53 Col.L.Rev. 1117-1119 (1953).