Manuel BORGES, Luis Echevarria Gay, Juan Guzman, Jose M. Munoz, Herman Rivera Jirau, Percy Henry, Victor Rodriquez-Santos, Doel Zayas, Louis J. Friend, Victor M. Iraola and Ettore L. Lupi, Plaintiffs,

v.

ART STEEL CO., Inc., Defendant.

United States District Court
S. D. New York.

June 27, 1956.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for plaintiffs.  Foster Bam, Asst. U. S. Atty., Pelham Manor, of counsel.

Morris Wagman, New York City, for defendant.

DIMOCK, District Judge.

Plaintiffs sue, pursuant to 50 U.S.C. App. § 459, to recover increased wages that they claim they would have been entitled to receive had they remained at work instead of entering the armed forces.  Plaintiffs are employees of defendant who left defendant's employment when they were inducted into the armed forces.  Upon discharge from military service, they were reinstated with full seniority rights for the period of time served in the armed forces, but at the same salary that they were earning when they departed.

During the period when they were in the armed forces, several wage increases were negotiated between defendant and the union involved.  These wage increases can be separated into three categories:  (1) general wage increase for a stated percentage or amount;  (2) cost of living adjustment; and (3) annual improvement factor increase.  All of these increases required that the employee must have been working on a specified date.  Some had the additional requirement that the employee must have had, on the specified date, a minimum period of actual working service in defendant's employ.

When plaintiffs returned to defendant's employ after discharge from the armed forces, defendant refused to award them any of these increases which had been realized while they were absent.  Defendant argues that, since plaintiffs were not actually working on the dates the increases were awarded and had not fulfilled the requirement of a minimum period of actual working service where it was required, they were not entitled to the increases.  Plaintiffs contend that under the Selective Service Act, 50 U.S.C.App. § 459, they are entitled to all wage increases that they would have received had they remained at work.

Plaintiffs have moved for summary judgment on this issue of liability.  The parties are agreed that, if summary judgment is granted the question of the actual dollar amount which each plaintiff should receive shall await subsequent determination by the parties and, if necessary, this court.  Rule 56 (d), F.R.C.P.

The question of whether plaintiffs are entitled to the wage increases turns on the interpretation of section 459(c) of the appendix to Title 50, U.S.C., which reads as follows:

"(1) Any person who is restored to a position in accordance with [the statutory provisions requiring rehiring of returning veterans] shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

"(2) It is declared to be the sense of the Congress that any person who is restored to a position in accordance with [the statutory provisions requiring rehiring of returning veterans] should be so restored in such manner as to give him such status in his employment

as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment."

Defendant says that the first paragraph is controlling so that plaintiffs are to be treated as if they had been on furlough, while plaintiffs point to the second paragraph and say that they are to be treated as if they had "continued in such employment continuously".

This identical question was raised in Diehl v. Lehigh Valley R. Co., 3 Cir., 211 F.2d 95, reversed 348 U.S. 960, 75 S.Ct. 521, 522, 99 L.Ed. 749. There, employees classified as temporary car-man mechanics were permitted to elect to be classified as permanent mechanics after 1160 days of experience in the temporary classification. Seniority in the permanent classification was to be determined by the date when the employee concluded his 1160 days of experience. The controversy arose when a returning veteran claimed that his 1160 days of experience should include the period of time when he was in the armed forces. This would result in his having completed the required 1160 days at an earlier date and he would, thereby, be higher on the seniority roster. The Third Circuit expressed difficulty, in 211 F.2d at page 99, with any attempt to reconcile paragraphs one and two of section 459(c). Being unable to "reconcile the irreconcilable", the Third Circuit held that the "leave of absence" language in paragraph one would control over paragraph two. Therefore, the time spent in the armed forces would not be included in computing the required 1160 days. Plaintiff was denied relief by the Third Circuit.

In a short and concise *per curiam* opinion, the Supreme Court reversed the Third Circuit. The opinion read:

"Upon the facts disclosed in the opinion of the Court of Appeals * * *, the applicable Acts of Congress, and the opinion of this Court in Oakley v. Louisville & Nashville R. Co., 338 U.S. 278, 70 S. Ct. 119, 94 L.Ed. 87, the judgment of the Court of Appeals is reversed."

The Oakley opinion had reiterated the dictum in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, that

"An honorably discharged veteran, covered by the statute, was entitled * * * to be restored not to a position which would be the precise equivalent of that which he had left when he joined the Armed Forces, but rather to a position which, on the moving escalator of terms and conditions affecting that particular employment, would be comparable to the position which he would have held if he had remained continuously in his civilian employment." 338 U.S. at page 283, 70 S.Ct. at page 122.

It was this "moving escalator" language that Congress stated it was codifying in the second paragraph of section 459(c). Sen. Rep. No. 1268, 80th Cong., 2d Sess.

Defendant has made a heroic attempt to distinguish the Diehl opinion. Nevertheless I find it controlling here. If a returning veteran is to be treated only as returning from a leave of absence, the Supreme Court would have affirmed the Third Circuit. That was the sole issue in the case. In reversing, the Supreme Court made it clear that, for such benefits as pay, a returning veteran is to be considered as if he had been in actual employment for the period he was in the armed forces.

Plaintiffs do not seek recovery of increases awarded as annual improvement increases, allegedly given only as a reward for efficiency obtained through experience. I therefore need not consider whether what is in essence a general wage increase may be denied the returning veteran solely because the employer and union label it an "improvement" raise. Cf. Fishgold v. Sullivan

Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230.

Defendant urges that treatment of plaintiffs as continuously employed contravenes the contract between defendant and the labor union. As the Supreme Court said in the Fishgold case:

"And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veterans under the Act." 328 U.S. at page 285 66 S. Ct. at page 1111.

Plaintiffs' motion for summary judgment on the question of liability is granted. I hold that each plaintiff is to be considered to have been at work during the time he was in the armed forces. Counsel shall advise the court if the fixing of the dollar amount to be recovered by each plaintiff requires the help of the court.