James W. MANN, Appellant,

v.

CROWELL–COLLIER PUBLISHING COMPANY et al., Appellees.

No. 12804.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1956.

Samuel D. Slade, Washington, D. C., Hugh E. Martin, U. S. Atty., Columbus, Ohio, on brief, for appellant.

Bitner Browne, Springfield, Ohio, for appellee Crowell-Collier Pub. Co.

Fred M. Cole, Springfield, Ohio, for appellee Union.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

On August 14, 1943, appellant left his employment as photo-engraver apprentice with the appellee company to enter service in the United States Navy, from which he was honorably discharged on December 15, 1944. He was reinstated by his employer, as a photo-engraver apprentice, on January 4, 1945.

The collective bargaining agreement in effect between appellee and the photo-engravers union provided that only persons with six years' practical experience in photo-engraving work could be classified as journeymen. During appellant's service in the armed forces, this collective bargaining agreement was modified by mutual agreement between the company and the union to reduce the term of practical experience from six to five years. The employees who had been indentured as apprentices during the period of appellant's military service and who had not themselves entered the armed forces were given the status of journeymen photo-engravers upon the completion of five years' training as apprentices and were granted a seniority date as of January 14, 1948.

Upon his reemployment as apprentice photo-engraver, appellant entered upon his period of training and completed it on May 17, 1949, when he was granted the status of a journeyman photo-engraver. His seniority was granted retroactively to January 4, 1949, which was nearly a year later than the seniority date [January 14, 1948] granted the men who occupied the same status which he had when he entered service in the Navy.

This action was brought by appellant to enforce his reemployment

Alan S. Rosenthal, Washington, D. C., George S. Leonard, Geo. C. Doub, and

rights by virtue of section 8 of the Selective Training and Service Act of 1940, 54 Stat. 890, as amended, 50 U.S.C.App. [1946 Ed.] 308.[1] After trial, the United States District Court dismissed the case with prejudice, and entered judgment against appellant for the costs. Appellee concedes that section 8 of the Selective Training and Service Act of 1940 prohibits imposition of costs against a veteran in an action brought by him to enforce reemployment rights under the Act.

The Selective Training and Service Act of 1940 provided in terms that the veteran should be restored to his former position after termination of his military service in such manner as to give him such status in his employment as he would have enjoyed if he had remained in such employment continuously from the time he entered the armed forces until the time of his restoration to his former employment.

▉ We think the judgment of the district court in the instant case must be reversed upon the authority of the per curiam opinion of the Supreme Court in Diehl v. Lehigh Valley R. R. Co., 348 U. S. 960, 75 S.Ct. 521, 99 L.Ed. 749, in which the court's holding in Oakley v. Louisville & Nashville R. Co., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87, was expressly followed. We find no real distinction in the facts of the instant case from those appearing from the opinion of the United States Court of Appeals in the Diehl case [3 Cir., 211 F.2d 95]. As was stated by the Supreme Court in the Oakley case [338 U.S. 278, 70 S.Ct. 122], section 8(c) of the Selective Training and Service Act of 1940, as amended, requires that the returning veteran be restored without loss of seniority to a "position which, on the moving escalator of terms and conditions affecting that particular employment, would be comparable to the position which he would have held if he had remained continuously in

his civilian employment." Expressions in the opinion make it apparent that the restoration of the seniority rights of the returning veteran should be liberally construed.

Accordingly, the judgment of the district court is reversed and the case is remanded with direction that appellant be granted the relief prayed for in his complaint.

---

**1.** Now Universal Military Training and Service Act, § 9, 50 U.S.C.A.Appendix, § 459.