**R. C. EDWARDS, Jr., Plaintiff,**

v.

**CLINCHFIELD RAILROAD COMPANY,**
**Defendant.**

**Civ. A. No. 2027.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 12, 1967.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn., A. K. McIntyre, Gen. Sol., Legal Dept., Clinchfield R. Co., Erwin, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The plaintiff Mr. Edwards was employed by the defendant railroad as a carman on May 22, 1950. He left this employment to enter the armed services on the following August 28, entered upon such duty on September 5, next, and continued such service until his honorable discharge on November 26, 1952. He was reinstated to his former position by the defendant on November 28, 1952 and has remained thus employed since.

Mr. Edwards was and is a member of the Brotherhood of Railway Carmen of America. The applicable bargaining agreement of this union and his employer provided, *inter alia,* for vacations with pay for the defendant's carmen. These vacation periods increase in length as an employee attains respective specified minimum numbers of years of continuous service during each year in which the employee rendered compensated services for his employer of a specified minimum number of days.

The simple issue is whether Mr. Edwards' tenure in the armed services of our nation is to be construed as *compensated* service to his employer for purposes of establishing the length of his paid vacations. The Selective Service Act of 1948, in effect when Mr. Edwards entered the armed services, *inter alia,* declared it to be the sense of the Congress that any person who was restored to a position under the provisions of paragraph (A)

or (B) of subsection (b) of 50 U.S.C. App. § 459 " \* \* \* should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment. \* \* \* " 50 U.S.C.App. § 459 subsection (c).

Although there obviously was no way for Mr. Edwards to continue in the compensated service of the defendant railroad during the time he spent in the armed services of his country, he was entitled to be restored " \* \* \* to a position which, on the moving escalator of terms and conditions affecting that particular employment, would be comparable to the position which he would have held if he had remained continuously in his civilian employment. \* \* \* " Oakley v. Louisville & N. R. Co. (1949), 338 U.S. 278, 70 S.Ct. 119, 122, 94 L.Ed. 87, 97, cited and quoted from in Mann v. Crowell-Collier Publishing Company, C.A.6th (1956), 239 F.2d 699, 701 [2–4]. " \* \* \* The requirements of the [1948] Act are not satisfied by giving returning veterans seniority in some general abstract sense and denying them the perquisites and benefits that flow from it. \* \* \* [T]he failure to credit [the plaintiff's] 'compensated service' time with the period spent in the armed services \* \* \* ", Accardi v. Pennsylvania R. Co. (1966), 383 U.S. 225, 230–231, 86 S.Ct. 768, 772, 15 L.Ed.2d 717, 721 [5], fails to accord him restoration " \* \* \* to a position which, on the moving escalator of terms and conditions affecting that particular employment, would be comparable to the position which he would have held if he had remained continuously in his civilian employment. \* \* \* " Supra, 70 S.Ct. 119, 122, 94 L.Ed. 87, 91. Cf. Mentzel v. Diamond, C.C.A.3rd (1948), 167 F.2d 299, 301 [2]. Contra: Magma Copper Company, San Manuel Division v. Eagar,[1] C.A.9th (1966), rehearing denied (1967), 380 F.2d 318, 321–322 [3] (but see dissent at page 322).

The Court finds the belated defense by the railroad of the plaintiff's laches is without merit.

The plaintiff is entitled to an order that the defendant, in determining the respective lengths of paid vacations, treat the plaintiff as having been continuously employed on "compensated service" time during the entire period of his armed service. The clerk will prepare and enter such an order accordingly.

---

1. Reversed, sub nom. Eagar v. Magma Copper Company (1967), 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557; Rehearing denied (1968) 389 U.S. 1060, 88 S.Ct. 767, 19 L.Ed.2d 866.