**David M. FEES, Plaintiff,**

**v.**

**BETHLEHEM STEEL CORPORATION, Defendant.**

**Civ. A. No. 70–198.**

United States District Court,
W. D. Pennsylvania.

Dec. 23, 1971.

Louis Weiner, Regional Sol. U. S. Dept. of Labor, Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

This civil non-jury proceeding has been brought by plaintiff to require defendant to grant him vacation pay pursuant to § 9(d) of the Selective Service Act of 1967 (the Act), 50 U.S.C.A. § 459(d).

Very simply stated, the problem presented is that of a returning serviceman who, after being drafted into the service of his country, now seeks to obtain one week's vacation pay for 1968, the year of his return and reinstatement by his employer to his former job. Plaintiff's position is that he is entitled to the vacation pay based on his seniority, i. e. that this benefit is a "perquisite of seniority." Defendant contends that vacation pay is an "other benefit" under § 9(c)(1) of the Act and, therefore, does not accrue automatically to plaintiff, but is dependent upon his meeting certain eligibility requirements set forth in the collective bargaining agreement between defendant and the United Steelworkers of America entered September 1, 1965.

There is no dispute as to the basic underlying facts which for the sake of clarity will be briefly recounted. Plaintiff was first employed by defendant on September 12, 1966 on a full time basis. Thereafter he left for induction into the military on October 27, 1966 and was inducted November 3, 1966. Plaintiff was honorably discharged October 15, 1968 and filed a timely reapplication for employment with defendant on November 19, 1968. At this last date, plaintiff was reinstated but was placed on layoff status and in fact performed no work in 1968, not being recalled until March 4, 1969. It is the considered judgment of this Court that plaintiff is not entitled to any vacation benefits for the year 1968.

■■ This Court is certainly sympathetic to the plight of returning veterans who have harkened to the call and served their country well and honorably, as is surely the case with David M. Fees, plaintiff herein. The Court is also aware that under the Act, which is to be liberally construed in interpreting seniority benefits, the returning veteran has been riding a "seniority escalator" during the period of his military service placing him in a job status comparable to that which he would have held had he remained in his civilian job. Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 66 S.Ct. 1105, 90 L. Ed. 1230 (1946) and Oakley v. Louisville & Nashville Railroad, 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87 (1949). By the same token, it would be a distortion of the language of the Act to read it as granting an increase in seniority had the person never entered the military. *Fishgold, supra.*

■ Plaintiff's position that he is entitled to a week's vacation pay even though he performed no work for defendant in 1967 or 1968 is based primarily on the authority of Accardi v. Pennsylvania Railroad Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966) and Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557 (1967). *Accardi* involved severance pay allowances for World War II veterans who were being phased out by the railroad. The railroad was required to compute the time spent by the employees in the military in determining the severance allowance which was based on years of compensated service as defined in the collective bargaining agreement as one day of work per month for a minimum of seven months out of the year. In so holding, it is significant to note that the Court felt a liberal construction of the term "seniority" was necessary and that the intention of Congress as expressed in the Act's precursor "was to preserve for the returning veterans the rights and benefits which would have *automatically* accrued to them had they remained in private employment rather than responding to the call of their country." (Emphasis added.) Accardi v. Pennsylvania Railroad Co., 383 U.S. at 229–230, 86 S.Ct. at 771. The Court in *Accardi* was concerned with assuring that veterans were properly credited with years of seniority consistent with the provisions

of the 1940 Act[1] since the severance payments in *Accardi* were based primarily on *length* of service. In *Eagar*, the Court simply reversed the lower court citing *Accardi*. Thus the scope of *Eagar* is not clear and does not unequivocally lend support to plaintiff's position. Moreover, the facts in *Eagar* as they appear in the Ninth Circuit's recitation thereof[2] are clearly distinguishable from those of the present case. While in *Eagar* the employees had already worked more than 75% of the available work shifts during the year for which vacation pay was claimed, plaintiff here worked none of 1968 or 1967. Thus, applying the rationale of *Accardi* to *Eagar*, vacation benefits would have automatically accrued to plaintiffs in *Eagar* but for the fact that their induction cut short their work tenure. In the case *sub judice* plaintiff's vacation benefits were in no way cut short or diminished as a result of his induction. He was in fact accorded all his seniority benefits, and he was denied no vacation pay which would have accrued automatically. Therefore, even assuming that the import of *Eagar* is that vacation pay is a "perquisite of seniority"—an aspect clearly not decided by *Accardi*—for plaintiff to be entitled to such a benefit it would have to be due him automatically. But such is not the case because under the terms of the collective bargaining agreements in force both at the time of plaintiff's induction and return, certain eligibility factors must be met. Section 2 of Article IX of the September 1965 Agreement dealing with vacations provides:

> "To be eligible for a vacation in any calendar year during the term of this Agreement, the Employee must:
>
> (a) have one year or more of continuous service; and
>
> (b) not have been absent from work for 6 consecutive months or more in the preceding calendar year; except that in the case of an Employee who completes one year of continuous service in the vacation calendar year, he shall not have been absent from work for 6 consecutive months or more during the 12 months following the date of his original employment; provided, that an Employee with more than one year of continuous service who, in any year, shall be ineligible for a vacation by reason of the provisions of this paragraph as a result of an absence on account of layoff or illness shall receive one week's vacation with pay in such year if he shall not have been absent from work for 6 consecutive months or more in the 12 consecutive calendar months next preceding such vacation. If an Employee worked during part of the preceding calendar year he shall be deemed, for purposes of vacation eligibility requirements, to have worked during any part of the balance of such year during which he was absent on account of an occupational disability or while in military service in the year of his reinstatement to employment. . . ."

Indeed, rather than cutting short the rights of returning veterans, this agreement gives them a slight edge. There is no question here that plaintiff has been credited with more than one year of continuous service; he fails, however, to satisfy the eligibility factor of having worked for six consecutive months in the preceding calendar year, and he did not work six of the twelve months immediately preceding the claimed vacation.

Although the issue posed by this case has generated a considerable difference of opinion among the lower courts, see for example Ewert v. Wrought Washer Mfg. Co., 335 F.Supp. 512 (E.D.Wis. 1971) and cases cited therein, it is the considered judgment of this Court that eligibility for vacation pay can be conditioned by provisions of a collective bargaining agreement, where such conditions do not penalize a veteran for his military service. *Accardi, supra.*

---

1. Selective Training and Service Act of 1940.

2. Magma Copper Company v. Eagar, 380 F.2d 318 (9th Cir. 1967).

This Court finds no such penalty in the terms of this collective bargaining agreement quoted above. Moreover, as was pointed out in Connett v. Automatic Electric Company, 323 F.Supp. 1373 (N.D.Ill., E.D.1971), "we cannot believe that Congress intended returning veterans to receive vacation pay for periods of time in which they did not work a single day, and for which periods they likewise failed to meet the contractual standard of eligibility."

Finally, it should be noted that in the opinion of this Court, the decision in *Accardi* has left undisturbed and viable the ruling of the Third Circuit in Dougherty v. General Motors, 176 F.2d 561 (3d Cir.1949), cert. denied 338 U.S. 956, 70 S.Ct. 494, 94 L.Ed. 590 (1950), that vacation eligibility is a benefit to which a veteran is not entitled if he has not fulfilled a work requirement for eligibility. The Court can reach no other conclusion but that plaintiff is not entitled to any vacation benefits for the year 1968.

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.