**Gertrude HUNDLEY, Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.**

No. 13787.

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1959.

---

Andrew J. Palmer, Paducah, Ky., for appellant.

James G. Wheeler, Paducah, Ky., (Thomas J. Marshall, Jr., Paducah, Ky., Joseph H. Wright, Gen. Counsel, Ill. Cent. R. Co., Chicago, Ill., John W. Freels, Chicago, Ill., Stites, Wood, Helm & Peabody, Louisville, Ky., on the brief), for appellee.

Before McALLISTER, Chief Judge, and SIMONS and WEICK, Circuit Judges.

PER CURIAM.

Appellant, an employee of the Illinois Central Railroad Company, was a telephone operator on a switchboard at Fulton, Kentucky. Because of technological improvements, the Railroad discontinued its switchboard at that point and as a result six telephone switchboard operators, including appellant, were furloughed, and were advised that they could have their names placed on the telephone switchboard operators' seniority roster at either Paducah, Kentucky, Louisville, Kentucky, Jackson, Tennessee, or Chicago, Illinois; and that those not desiring to avail themselves of this opportunity would continue in the status of furloughed employees on the Fulton, Kentucky, switchboard operators' seniority roster, subject to provisions of notification. All telephone operators affected by the discontinuance of the Fulton, Kentucky, switchboard, with the exception of appellant, elected to, and did take, work at Paducah, Kentucky, or Jackson, Tennessee. She did not elect to make such change and, since that time, has been in the status of a furloughed employee on the telephone operators' switchboard seniority roster at Fulton, Kentucky.

Appellant thereafter brought suit in the state court in Kentucky alleging that she had been wrongfully discharged from her position by the railroad. In her complaint she set forth that, during her employment, she was a person for whose benefit the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees entered into a Collective Bargaining Agreement with the Railroad; that under the terms of such agreement she had certain seniority rights; that, up to the time of her discharge, she had performed her duties and complied with all the terms and con-

ditions of her employment under the agreement; that the Railroad had discharged her and breached the agreement between it and the Brotherhood; that, thereby, it refused to allow appellant the benefits of seniority rights as provided in the agreement; that because of said wrongful dismissal and because of the violation of the agreement in denying appellant her rights under the seniority provisions therein, the Railroad had prevented her from performing her services as a telephone operator, although she had been and was, at that time, ready and willing to perform said services, and had continued to perform all the terms and conditions of her employment under the Collective Bargaining Agreement; and that the Railroad, in discontinuing the switchboard at Fulton, Kentucky, had violated the agreement. Thereafter, upon application of the Railroad, the suit was removed to the District Court. The Railroad subsequently filed answer, defending on the ground that appellant was seeking relief in violation of the terms of the Collective Bargaining Agreement between the Railroad and the Brotherhood; that the Collective Bargaining Agreement provided, in part, that claims and grievances involved in a decision by the Railroad's highest officer designated to decide disputes, arising out of claims and grievances should be barred, unless within nine months from the time of such officer's decision, proceedings were instituted by the employee, claimed to be aggrieved before the appropriate division of the National Railway Adjustment Board, or a system, group, or regional board that had been agreed to by the parties; that the Railway Labor Act, 45 U.S.C.A. § 151 et seq., in this regard, provided that the disputes between an employee and a carrier growing out of grievances and out of the interpretation or application of agreements concerning rates of pay, rules and working conditions, should be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but that, failing to reach an adjustment in this manner, the dispute might be referred by petition of the parties, or by either party, to the appropriate division of the Adjustment Board with a full statement of facts and supporting data bearing upon the dispute; and that appellant had not appealed any such claim or grievance to the National Railway Adjustment Board in accordance with the agreement between the Brotherhood and the Railroad, or in accordance with the Railway Labor Act, and had failed to exhaust her rights under the agreement between the Brotherhood and the Railroad, as required under the provisions of the Railway Labor Act.

Appellant then asked, and was permitted, to amend her complaint to charge wrongful removal from service rather than wrongful discharge by the Railroad Company. Thereupon, the Railroad Company moved for summary judgment, filing uncontroverted affidavits showing that appellant, as a furloughed employee, was a contributor to the hospital service of the Railroad Company in which she could not participate, unless she were an employee; that she continued the maintenance of her group insurance as a furloughed employee; that she further continued to receive railway passes as an employee of the Company after she had been furloughed; and that she had continued to file notification of her address after ninety days as required by the rule of the agreement between the Railroad Company and the Union representing its employees, in order that she might retain her seniority with the Company.

On the hearing of the motion for a summary judgment, the District Court held that it was admitted by appellant that she had not been discharged from employment; that there was no issue as to the fact that she was, at that time, an employee of the Company; and that the jurisdiction in such a case lies with the National Railway Adjustment Board.

Appellant was not a discharged employee. She remained an employee of the Railroad throughout this controversy. Under the Collective Bargaining, or

**754**

"Working" Agreement, between the Railroad and the Brotherhood, appellant was represented by the Brotherhood and was subject to the terms of the agreement. Grievances of employees were governed by the agreement, and disputes concerning the rules set forth in the agreement, as relied upon by appellant in this case, were required to be handled through negotiation, and, ultimately, in the process of adjustment, by the National Railway Adjustment Board, in accordance with the provisions of the Railway Labor Act.

In the light of the foregoing, the judgment of the District Court is affirmed for the reasons set forth therein by Judge Shelbourne. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. See Pennsylvania R. Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; Union Pacific R. Co. v. Price, 360 U.S. 601, 609–614, 79 S.Ct. 1351, 3 L.Ed.2d 1460; Rose v. Great Northern Railway Company, 8 Cir., 268 F.2d 674, 680.