John FERRO, Harry Lauda and Jerome J. Gagliano, on behalf of themselves, and all those similarly situated, Plaintiffs-Appellants,

v.

RAILWAY EXPRESS AGENCY, INC., Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes, Daniel J. Sullivan and Robert Devlin, et al., Defendants-Appellees.

No. 31, Docket 26940.

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1961.

Decided Dec. 12, 1961.

John R. Harold, Harold, Luca, Persky & Moser, New York City, for plaintiffs-appellants.

James V. Lione, New York City, for defendant-appellee Railway Express.

James L. Highsaw, Jr., Washington, D. C. (Francis Curry, Paul G. Reilly, New York City, Edward J. Hickey, Jr., Washington, D. C., Reilly, Curry & Gibbons, New York City, Mulholland, Robie & Hickey, Washington, D. C., of counsel), for defendants-appellees Brotherhood of Ry. & S. S. Clerks and others.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Appellants, members of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, and Station Employees (the Brotherhood), appeal from a decision of the district court dismissing their complaint against the Brotherhood, certain officers and agents of the Brotherhood, and their employer, Railway Express Agency (Railway Express).

Appellants are members of Local Lodge No. 2053 of the Brotherhood and on April 27, 1958, were employed by Railway Express at its Communipaw Terminal in Jersey City, New Jersey. The collective bargaining agreement (the agreement) then in effect between Railway Express and the Brotherhood provided for the maintenance of separate seniority districts for each of Railway Express's terminals.[1] Rule 22 of the agreement provided that:

"Positions or work involving a position may be transferred from one seniority district to another after conference and agreement between management and the duly accredited representatives of the employes. Employes may follow their positions or work when same is transferred from one seniority district to another. The incumbents will have prior rights to the position to be transferred if they elect to accompany same."

Prior to April 27, 1958, the express service provided by Railway Express to and from the Communipaw Terminal utilized passenger trains of the Baltimore and Ohio Railroad (B&O). On March 21, 1958, B&O notified Railway Express that it intended to terminate its New York-Baltimore passenger service; the effective date of the termination was April 27, 1958. The express traffic which had been carried by B&O was re-routed through other lines and through other terminals in the New York metropolitan area. This re-routing of traffic resulted in the decrease of jobs at the Communipaw Terminal which necessitated the furloughing or laying-off of some employees at that terminal.

Upon receipt of notice from B&O, Railway Express notified the Brotherhood that B&O was abandoning the service to the Communipaw Terminal. A dispute then ensued between the Brotherhood and Railway Express as to whether Rule 22 required Railway Express to transfer the men from Communipaw to other terminals where the amount of work had increased because of the re-routing. Railway Express was of the opinion that there had not been a "transfer of work" as that expression was used in Rule 22. As a result of negotiations, Railway Express and the Brotherhood entered into a Special Agreement, dated April 16,

1. The other terminals operated by Railway Express in the New York metropolitan area were: the Lackawanna Terminal, Hoboken, New Jersey; the West Side Terminal, New York City; and the Pennsylvania Express Terminal, Long Island City, New York.

1958, which provided for the transfer of 65 men from the Communipaw Terminal to positions at the Pennsylvania Express Terminal in Long Island City and in which the Brotherhood agreed that no claim or grievance arising from the Special Agreement would be presented.

Appellants, some of the employees of the Communipaw Terminal who were not transferred pursuant to the Special Agreement, brought this action in the district court against Railway Express, the Brotherhood, and certain officers and agents of the Brotherhood seeking (1) damages for loss of work resulting from loss of seniority and (2) reinstatement in their old positions on the seniority rosters in the districts to which such positions had been transferred. They claimed that Rule 22 gave them a right to be transferred and that the Brotherhood in approving the Special Agreement was motivated by a desire to discriminate against them in favor of the members of a politically stronger local, Lodge 2147 at the Pennsylvania Express Terminal. Appellees moved to dismiss the complaint on the ground that Section 3 of the Railway Labor Act, 44 Stat. 576 (1926), as amended, 45 U.S.C.A. § 153, requires appellants to seek their relief in an administrative proceeding before the Railway Adjustment Board; in the alternative, they sought summary judgment on the merits.

The district court viewed the complaint as attempting to alleged two separate causes of action: a federal claim under the Railway Labor Act arising out of the hostile discrimination; and a cause of action for wrongful lay-off in violation of the contract, a claim within the jurisdiction of the district court because of the admitted diversity of citizenship. The district court granted the motion to dismiss as to the federal cause of action but denied the motion as to the cause of action for wrongful discharge on the condition that within 30 days of the filing of the order, appellants amend their complaint by dropping the demand for reinstatement and back pay and thus treat the lay-off as a final and irreversible ter-mination of their employment by Railway Express. Appellants appealed to this court but the appeal was dismissed on the ground that the order was not final since only part of the complaint had been dismissed. 1961, 286 F.2d 549. Subsequently, the district court dismissed the entire complaint because of appellants' failure to amend the complaint within the 30 days period prescribed by the first order.

The district court's dismissal of the complaint was correct, except for the dismissal of the claim against the Brotherhood and the officers and agents of the Brotherhood based on a charge that they purposefully discriminated against appellants in order to favor members of a more politically powerful local.

■ As the statutory bargaining agent of the employees at the Communipaw Terminal, the Brotherhood, its officers and agents were under a duty to represent these employees fairly. Steele v. Louisville & Nashville R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Graham v. Brotherhood of Locomotive Firemen & Enginemen, 1949, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22; Brotherhood of Railroad Trainmen v. Howard, 1952, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 80. While some doubt has been expressed concerning the applicability of the doctrine of these cases (all of which involved discrimination against Negroes because of their race) to situations in which the discrimination was not based on race, Alabaugh v. Baltimore & Ohio R. R. Co., 4 Cir., 1955, 222 F.2d 861, cert. den. 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748, the duty of the statutory bargaining agent to represent employees fairly is not so limited as to prohibit only discrimination because of race, Latham v. Baltimore & Ohio R. R. Co., 2d Cir., 1960, 274 F.2d 507; Cunningham v. Erie R. R. Co., 2d Cir., 1959, 266 F.2d 411; Mount v. Grand International Brotherhood of Locomotive Engineers, 6 Cir.,

1955, 226 F.2d 604, cert. den. 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839; Hughes Tool Co. v. N. L. R. B., 5 Cir., 1945, 147 F.2d 69, 158 A.L.R. 1165.

■ A bargain which favors one class of employees over another is not necessarily prohibited as a hostile discrimination. Ford Motor Co. v. Huffman, 1953, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048; see Britt v. Trailmobile Co., 6 Cir., 1950, 179 F.2d 569, 29 A.L.R.2d 1272. However, it is not proper for a bargaining agent in representing all of the employees to draw distinctions among them which are based upon their political power within the union. Mount v. Grand International Brotherhood of Locomotive Engineers, supra; Hughes Tool v. N. L. R. B., supra; see Cunningham v. Erie R. R. Co., supra.

■ The complaint contains a sufficient allegation of discrimination by the Brotherhood to entitle appellants to a trial on the merits. The Supreme Court has pointed out in Conley v. Gibson, 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d 80, that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [Rule 8(a) (2)] that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." In paragraph 55 of the complaint, appellants state, "that defendants have in a willful and malicious manner discriminated against plaintiff in favor of members of Lodge 2147 of the Brotherhood." In his affidavit in opposition to the motion for summary judgment, appellant Ferro stated that the purpose of the officers of the Brotherhood in entering into the Special Agreement was to discriminate against the members of a politically weak local, Lodge 2053, in favor of the politically stronger local, Lodge 2147. While it may be true, as appellees contend, that the Brotherhood's consent to the Special Agreement was motivated solely by a desire to secure the best agreement possible from the standpoint of all of the employees at the Communipaw Terminal on an issue which was not clearly covered by the terms of the collective bargaining agreement, this defense raises an issue of fact which requires a trial.

■■ The claim of hostile discrimination against the Brotherhood is properly brought in the district court since such a claim is not within the jurisdiction of the Railway Adjustment Board. The jurisdiction of the Board is limited to disputes between employees or their representatives and the carriers; it does not extend to employee-union conflicts. Railway Labor Act, § 3, First (i), 45 U.S.C.A. § 153; Steele v. Louisville & Nashville R. R. Co., supra; Conley v. Gibson, supra. Not only has the Supreme Court constantly reiterated that Steele doctrine cases are not within the primary jurisdiction doctrine but it has affirmatively said that these are matters to be decided by the courts in the first instance. E. g., Conley v. Gibson, supra.

■■ The claim against the employer, Railway Express, based on an alleged federal cause of action was properly dismissed. The complaint does not allege that Railway Express acted from a motive to discriminate or with knowledge that the Brotherhood was discriminating. Wallace Corp. v. N. L. R. B., 1944, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216; Brotherhood of Railway Trainmen v. Howard, 1952, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283. Nor is the employer a necessary party in a suit against the bargaining agent for discrimination. Conley v. Gibson, supra. Any claims which the employees may have against Railway Express based on rights arising under the collective bargaining agreement are within the primary jurisdiction of the Railway Adjustment Board. Order of Ry. Conductors v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318; Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Ry. Conductors of America v. Southern Ry. Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; Pennsylvania R. R. Co. v. Day, 1959, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; Stack v. New

York Central R. Co., 2 Cir., 1958, 258 F.2d 739; Broady v. Illinois Central R. Co., 7 Cir., 1951, 191 F.2d 73, cert. denied 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672. Cunningham v. Erie R. R. Co., supra, is not to the contrary and does not require a finding that there is jurisdiction over Railway Express if the complaint states a valid claim of discrimination against the Brotherhood. Cunningham sued his union and his employer for reinstatement and back pay because he claimed that his employer had discharged him in accordance with the terms of a union shop agreement when he was expelled from the union because of his activities within the union. Since the Railway Labor Act allows an employer and bargaining agent to enter into a closed shop agreement only on condition that union membership will not be denied employees for any reason other than the nonpayment of dues and fees, "uniformly required as a condition of acquiring or retaining membership," [2] there is good reason for holding the employer liable to an employee who was expelled from the union and discharged because of his union activities. The rationale of that decision is not applicable since here the employer's conduct was not contrary to any statutory provision.

The district court properly dismissed the claim for wrongful discharge because there is no state common-law cause of action for wrongful discharge unless there be a termination of the employment relation by way of a discharge. Furthermore, if appellants' claim is for wrongful removal from service or wrongful furlough, such a claim would fall within the primary jurisdiction of the National Railway Adjustment Board. By conferring on the Board the exclusive primary jurisdiction over disputes between employees and their employer involving the interpretation and application of an employment contract, Congress thus pre-empted the right of a state to provide the remedy which appellants seek. Pennsylvania R. R. Co. v. Day, 1959, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795.

The fatal defect in appellants' position is their unwillingness to allege that their employee status has been terminated and thus to allege a cause of action for wrongful discharge which would be properly before the district court. The district court offered an opportunity to appellants to come within its jursidiction by alleging wrongful discharge but they did not choose to avail themselves of this offer. Under these circumstances the district court properly dismissed this part of the complaint. Hundley v. Illinois Central R. R. Co., 6 Cir., 1959, 272 F.2d 752; Walters v. Chicago & Northwestern Ry. Co., 7 Cir., 1954, 216 F.2d 332; see Newman v. Baltimore & Ohio R. Co., 3 Cir., 1951, 191 F.2d 560.

[11] Appellants contend that forcing them to seek their rights under the contract in a proceeding before the Railway Adjustment Board, which is composed of representatives of organized labor and management, will deprive them of due process because the Board will be prejudiced against them. This claim is without merit for the courts are invested with

---

2. Section 2, Eleventh (a), 45 U.S.C.A. § 152, Eleventh (a):

"Eleventh * * * any carrier * * * and a labor organization * * * shall be permitted—

"(a) to make agreements, requiring, as a condition of continued employment, that within sixty days following the beginning of such employment, or the effective date of such agreements, whichever is the later, all employees shall become members of the labor organization [then] representing their craft or class: *Provided,*

That no such agreement shall require such condition of employment with respect to employees to whom membership is not available upon the same terms and conditions as are generally applicable to any other member or with respect to employees to whom membership was denied or terminated for any reason other than the failure of the employee to tender the periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership."

sufficient appellate jurisdiction over the Board to protect appellants from a denial of due process. Barnett v. Pennsylvania-Reading Seaboard Lines, 3 Cir., 1957, 245 F.2d 579; Ellerd v. Southern Pacific R. R. Co., 7 Cir., 1957, 241 F.2d 541; United R. R. Operating Crafts v. Pennsylvania R. Co., 7 Cir., 1954, 212 F.2d 938; cf. Edwards v. Capital Airlines, Inc., 1949, 84 U.S.App.D.C. 346, 176 F.2d 755, cert. den. 338 U.S. 885, 70 S.Ct. 186, 94 L.Ed. 543.

The order of the district court dismissing the complaint against the Brotherhood and its officers and agents for hostile discrimination is reversed; the remainder of the order is affirmed.