279 F.Supp. 392 (1968)
Thomas J. DOMINGUEZ, Plaintiff,
v.
NATIONAL AIRLINES, INC. and Air Line Employees Association, International, an unincorporated association consisting of seven or more members, Defendants.
No. 66 Civ. 1081.
United States District Court S. D. New York.
February 8, 1968.
*393 Herbert A. Simon, Valley Stream, N. Y., for plaintiff.
Hoffman, Kemper & Johnson, Miami, Fla., for defendant Air Line Employees Association, International; Callahan & Wolkoff, by Parnell J. T. Callahan and Eugene A. Wolkoff, New York City, of counsel.
Herman I. Meltzer, New York City, for defendant National Airlines, Inc.

OPINION
MacMAHON, District Judge.
Plaintiff brings this action for damages for wrongful discharge and for reinstatement of his former employment with defendant National Airlines, Inc. (the airline). Federal question jurisdiction is invoked under 28 U.S.C. § 1337 and the Railway Labor Act, 45 U.S.C. § 151 et seq., based on an allegation that plaintiff was discharged in violation of the Act for engaging in union activity contrary to the airline's instructions, given at the instance of defendant Air Line Employees Association, International (the union).
It appears on the face of the complaint that plaintiff resorted to the usual grievance procedure under the collective bargaining agreement and exhausted all of his administrative remedies, including a hearing and final decision of the System Board of Adjustment which sustained his discharge. Plaintiff alleges that the board denied his request to submit the dispute to arbitration before a neutral third person, as provided in the collective bargaining agreement, and that the "hearing afforded Plaintiff was unfair, in violation of due process, and the decision * * * was arbitrary, capricious and in violation of rights guaranteed Plaintiff under the Railway Labor Act, as amended." Plaintiff does not seek to review the board's decision. Nor does plaintiff allege, or on the motion for summary judgment come forward with, any facts showing hostile discrimination or other violation of the statutory duty of fair representation on the part of the union.[1]
Asserting this court's lack of jurisdiction over the subject matter, defendants move to dismiss the complaint or, in the alternative, for summary judgment. There is no genuine issue as to any material fact.
There can be no question that plaintiff's right to engage in union activity is protected by 45 U.S.C. §§ 151a (4), 152, and 183. There is nothing in the Railway Labor Act, however, which gives plaintiff a private right of action against his employer in the district court for violation of the Act. On the contrary, it has been consistently held that the district court does not have original jurisdiction in an action against an employer under 28 U.S.C. § 1337 for wrongful discharge allegedly in violation of the Railway Labor Act.[2]
*394 It is not disputed that plaintiff's employment was governed by a collective bargaining agreement which incorporated an agreement made under 45 U.S.C. § 153, Second, covering the establishment and maintenance of a System Board of Adjustment, which provides that "decisions of the Board in all cases properly referable to it shall be final and binding upon the parties hereto." In the face of such a provision, having submitted his grievance to the board, plaintiff may not resort to a common law or statutory cause of action to relitigate the issues on the merits in the courts after an adverse determination of his grievance by the board.[3]
This case centers on a minor dispute growing out of a grievance.[4] Several decisions of the Supreme Court make clear that the administrative statutory grievance procedure set forth in the collective bargaining agreement is a mandatory, compulsory, exclusive, and comprehensive system for resolving minor disputes.[5] Time and again, the Supreme Court "has emphasized and reemphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board."[6]
Moreover, under the Act, as amended in 1966, the orders of a System Board of Adjustment set up under a collective bargaining agreement are explicitly "final and binding upon both parties to the dispute."[7] The board's decision is entitled to the same finality that a decision of arbitrators would have.[8] The Act now, therefore, limits the power of the district court in the resolution of minor disputes to review of a board's order and limits the grounds for review to those commonly required for review of arbitration awards. Thus, the right to review is conditioned upon the filing of a petition by the aggrieved party showing failure of the board "to comply with the requirements of this * * * [Act], for failure of the order to conform, or confine itself, to matters within the scope of the * * * [board's] jurisdiction, or for fraud or corruption by a member of the * * * [board] making the order."[9] Unlike earlier versions, the amended Act also gives either party an equal opportunity for judicial review of the orders of the board.
The complaint alleges none of the specified grounds for judicial review of the board's order. Contrary to plaintiff's allegation, the board's denial of his request to submit the dispute to *395 arbitration was not a violation of the Act, 45 U.S.C. § 157, First, nor of the collective bargaining agreement which conditions such submission upon mutual agreement. Plaintiff's remaining allegations that the hearing was unfair, in violation of due process, and the board's decision arbitrary, capricious and in violation of plaintiff's rights under the Railway Labor Act are pure conclusions.[10] Plaintiff, in opposing the motion for summary judgment, has made no showing of any facts supporting these broad conclusions. There is thus nothing before us to raise any issue of fact as to fraud, corruption, or unfairness.[11]
It is not our province to determine whether the board's decision was arbitrary, for that is not one of the specific grounds for review. Moreover, the legislative history of the 1966 Amendment shows that Congress gave consideration to a proposal that the bill be amended to include as a ground for setting aside an award "arbitrariness or capriciousness" on the part of the board. The Committee declined to adopt such an amendment out of concern that such a provision might be regarded as an invitation to the courts to treat any award with which the court disagreed as being arbitrary or capricious.[12]
We, therefore, find it impossible to construe or to treat this complaint as a petition for review of the board's order. Rather, it is a plain attempt to sidestep the board's decision in a collateral and independent proceeding. We hold, therefore, that we have no jurisdiction under the Railway Labor Act or any law regulating commerce over the subject matter of this action.
There remains for consideration the question of whether jurisdiction may be predicated on diversity of citizenship. The complaint fails to allege facts showing diversity, and none are shown on the motion for summary judgment. We find, therefore, that we lack diversity jurisdiction. That pleading defect might be corrected in an amended complaint, but there is no reason to give plaintiff an opportunity to amend, for, even if diversity were alleged, there would still be no jurisdiction. Jurisdiction is wanting because plaintiff has no claim cognizable in the state courts and, therefore, derivative jurisdiction does not exist. In the first place, there is no state common law cause of action so long as plaintiff seeks reinstatement of his employment.[13] In the second place, as we have seen, Congress has conferred exclusive jurisdiction over this matter to the System Board of Adjustment. Congress has thus pre-empted the right of a state court to determine this matter on the merits.[14] Federal courts, therefore, lack diversity jurisdiction.
In so holding, we are mindful that in two separate decisions, the Supreme Court has held that the Railway Labor Act does not bar actions for wrongful discharge predicated on state law for breach of an employment contract.[15] However, as explained in Union Pacific R. R. v. Price, 360 U.S. 601, 620, *396 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959), those decisions were predicated on the old Railway Labor Act which did not provide for judicial review of a board decision if the employee lost. Whatever judicial remedies were otherwise available were therefore preserved. Since federal law was then thought not to apply to suits for wrongful discharge, one of the remedies was a suit in the state courts for damages for wrongful discharge. Since the decision in those cases, however, the law has changed.[16] It is now clear that collective bargaining agreements under the Railway Labor Act are subject to federal substantive law.[17]
Moreover, as we have seen, provision for arbitration before the board of a discharge grievance, a minor dispute, is not a matter of voluntary agreement, but a compulsory and exclusive remedy under the Railway Labor Act. The doctrine of exhaustion of remedies is clearly a part of both federal and New York state law.[18] This plaintiff, therefore, did not have, and does not now have, a choice of remedies. He was compelled both by federal and applicable New York law to submit his grievance to the board and is bound by the finality of its decision. His only access to any court is the limited right to review the board's decision in the district court, and he has failed to resort to that remedy.
Accordingly, we hold that the decision of the System Board of Adjustment is final and that the court lacks jurisdiction over the subject matter. The motion for summary judgment is granted. There being no just reason for delay, the Clerk of the court is directed to enter judgment dismissing the complaint against defendants National Airlines, Inc. and Air Line Employees Association, International.
So ordered.
NOTES
[1] See Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Ferro v. Railway Express Agency, Inc., 296 F.2d 847 (2 Cir. 1961).
[2] Ferro v. Railway Express Agency, Inc., supra, at 851; Stack v. New York Cent. R. R., 258 F.2d 739 (2 Cir. 1958). Cf. Switchmen's Union of No. America v. National Mediation Bd., 320 U.S. 297, 300, 64 S.Ct. 95, 88 L.Ed. 61 (1943).
[3] Union Pacific R. R. v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959); Rittle v. R. E. A. Express, 367 F.2d 578 (5 Cir. 1966); Morrissette v. Chicago, B. & Q. R. R., 299 F.2d 502 (7 Cir. 1961), cert. denied, 369 U.S. 874, 82 S.Ct. 1141, 8 L.Ed.2d 277 (1962); Bower v. Eastern Airlines, Inc., 214 F.2d 623 (3 Cir.), cert. denied, 348 U.S. 871, 75 S.Ct. 107, 99 L.Ed. 685 (1954).
[4] Elgin, J. & E. Ry. v. Burley, 325 U.S. 711, 722-728, 65 S.Ct. 1282, 89 L.Ed.2d 1886 (1945).
[5] Transportation-Communication Employees Union v. Union Pacific R. R., 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966); Brotherhood of Locomotive Eng'rs v. Louisville & N. R. R., 373 U.S. 33, 38, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963) (and cases there cited); Pennsylvania R. R. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959).
[6] Gunther v. San Diego & A. E. Ry., 382 U.S. 257, 263, 86 S.Ct. 368, 372, 15 L.Ed. 2d 308 (1965).
[7] 45 U.S.C. § 153, Second.
[8] Gunther v. San Diego & A. E. Ry., supra, at 263, 86 S.Ct. 368; Brotherhood of Railroad Trainmen v. Chicago, R. & I. R. R., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957). Cf. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
[9] 45 U.S.C. § 153, First (p) (q) and Second; S.Rep. No. 1201, 89th Cong., 2d Sess., June 2, 1966, 2 U.S.Cong. & Admin.News (1966), p. 2285.
[10] Cf. Thompson v. New York Cent. R. R., 361 F.2d 137, 142 (2 Cir. 1966).
[11] Fed.R.Civ.P. 56(e), (f), (g), 28 U.S.C.
[12] S.Rep. No. 1201, supra.
[13] Ferro v. Railway Express Agency, Inc., 183 F.Supp. 417, 422 (S.D.N.Y.1960), aff'd, 296 F.2d 847 (2 Cir. 1961).
[14] See Slocum v. Delaware, L. & W. R. R., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950); Ferro v. Railway Express Agency, Inc., supra. Cf. Vaca v. Sipes, supra, at 179, 87 S.Ct. 903; Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966); Local 100, United Ass'n of Journeymen & Apprentices v. Borden, 373 U.S. 690, 693-694, 83 S. Ct. 1423, 10 L.Ed.2d 638 (1963); San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Guss v. Utah Labor Relations Bd., 353 U.S. 1, 77 S.Ct. 598, 1 L. Ed.2d 601 (1957).
[15] Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953); Moore v. Illinois Cent. R.R., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941).
[16] See Walker v. Southern Ry., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966); Republic Steel Corp. v. Maddox, supra, at 655, 85 S.Ct. 614.
[17] International Ass'n of Machinists, AFL-CIO v. Central Airlines, Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963).
[18] Republic Steel Corp. v. Maddox, supra, at 652, 83 S.Ct. 956, 10 L.Ed.2d 67; Pacilio v. Pennsylvania R.R., 381 F.2d 570 (2 Cir. 1967).