John R. O'MARA, George McCormick, Julius Packard and Walter Daly, Plaintiffs-Appellants,

v.

ERIE LACKAWANNA RAILROAD COMPANY, International Brotherhood of Firemen and Oilers, Henry J. Czosek, Henry J. Czosek as Chairman of Local 826, and Edward P. McEntee, Defendants-Appellees.

No. 211, Docket 32184.

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1968.

Decided Feb. 24, 1969.

James P. Shea, Buffalo, N. Y. (Flaherty & Shea, Buffalo, N. Y., on the brief), for plaintiffs-appellants.

Richard F. Griffin, Buffalo, N. Y. (Moot, Sprague, Marcy, Landy & Fernbach, and Courtland R. LaVallee, Buffalo, N. Y., on the brief), for appellee, Erie Lackawanna Railroad Co.

Richard R. Lyman, Toledo, Ohio (Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y., and Mulholland, Hickey & Lyman, Toledo, Ohio, on the brief), for defendants-appellees Henry J. Czosek, Henry J. Czosek as Chairman, etc., and Edward P. McEntee, etc.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and FRANKEL, District Judge.*

LUMBARD, Chief Judge:

Plaintiffs brought this action in the District Court for the Western District of New York seeking damages for their allegedly wrongful discharge, without compensation, from employment as stationary engineers with the Erie Lackawanna Railroad. Joined as defendants with the Railroad are the International Brotherhood of Firemen and Oilers and several of its affiliates and officers. The complaint alleged that the union defendants had been guilty of "hostile discrimination" in refusing to process plaintiffs' grievances against the Railroad.

The district court granted defendants' motion to dismiss the complaint, finding no basis for federal jursdiction.

We reverse. We hold that the complaint, read in the generous spirit appropriate under the Federal Rules, states a federal claim against the union for breach of its duty of fair representation. On remand we grant plaintiffs leave to amend their complaint, if they can, to state a cause of action against the Railroad based on its having acted with knowledge of the union's discrimination. Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed. 2d 519 (U.S. Jan. 14, 1969); Ferro v.

* Sitting by designation.

Railway Express Agency, Inc., 296 F.2d 847 (2d Cir. 1961).

Prior to 1960 the plaintiffs were employed by the Delaware, Lackawanna & Western Railroad as stationary engineers in a power plant in Buffalo, New York. In that year the Delaware merged with the Erie Railroad, with the approval of the Interstate Commerce Commission, forming the present defendant Erie Lackawanna line. Plaintiffs were continued in their former positions by the merged line until 1962, when they were furloughed.

The complaint is very grudging in its recitation of the claims upon which federal jurisdiction is invoked. It is alleged that the 1962 furlough constituted a discharge of plaintiffs since they were never recalled and were in fact replaced by employees who had worked for the Erie Railroad before the merger. The complaint then claims that the discharges were the direct result of the 1960 merger, and violated "the Interstate Act 49 U.S.C.A. § 5 et seq." and the "Implementing Agreement" between the Erie Lackawanna and its employees represented by defendant unions. A violation of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., is also alleged in that the Railroad failed to give the required 30 days written notice of an intended change in working conditions prior to the discharge of the plaintiffs.

Finally it is alleged that plaintiffs repeatedly requested the defendant unions and their officials to process their claims against the Railroad, but that these defendants "have been guilty of gross nonfeasance and hostile discrimination in their arbitrary and capricious refusal to process said claims," and "have breached their duty and have discriminated against the rights of the Plaintiffs, by violating the express and implied terms of the collective bargaining agreement in effect by not representing the Plaintiffs fairly and impartially in the Plaintiffs' loss of employment and the resulting loss of compensation therefrom." The pray-

er is for judgment in the sum of $160,-000 against any or all of the defendants.

The district court was correct, on the allegations before it, in dismissing the portion of the complaint claiming a violation of the Implementing Agreement by the Railroad in discharging plaintiffs. It is settled that such a contract dispute between employees and a railroad falls within the primary jurisdiction of the National Railroad Adjustment Board, 45 U.S.C. § 153 First (i). See Brotherhood of Railroad Trainmen v. Chicago River & Indiana R.R. Co., 353 U.S. 30, 34–35, 39, 77 S.Ct. 635, 1 L.Ed. 2d 622 (1957); Walker v. Southern R.R. Co., 385 U.S. 196, 198, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966). It follows that plaintiffs cannot maintain an action for damages under federal law since their complaint does not allege that they have exhausted their remedy before the Board. The union's refusal to process their grievances does not excuse plaintiffs' failure to exhaust since individual employees have standing to prosecute their own grievances before the Board. 45 U.S.C.A. § 153 First (j); cf. Pacilio v. Pennsylvania R.R. Co., 381 F.2d 570, 572 (2d Cir. 1967). Nor is this conclusion altered by the allegation that the Railroad failed to give to the union the 30 days notice of a change in working conditions required by 45 U.S.C. § 156. See Hudie v. Aliquippa & Southern Railroad Co., 249 F.Supp. 210, 212 (W.D.Pa.), aff'd per curiam 360 F.2d 213 (3rd Cir. 1966).

Ostensibly the complaint alleges that the Railroad's action was wrongful in two distinct respects, i. e., that it violated the Implementing Agreement between the Railroad and the union, and that it violated the Interstate Commerce Act. In reality, however, it appears that the basis of both these claims lies in the Implementing Agreement, and that therefore the doctrine of exhaustion of administrative remedies is fatal to both claims.

On appeal we are informed that the section of the Act relied upon is

49 U.S.C. § 5(2) (f),[1] which provides certain safeguards for employees affected by a railroad merger. The Supreme Court has ruled that this section does not prevent the discharge of employees as the result of a merger, but rather relates only to questions of compensation. Brotherhood of Maintenance of Way Employees v. United States, 366 U.S. 169, 81 S.Ct. 913, 6 L.Ed.2d 206 (1961). The complaint provides us with no indication that plaintiffs are attacking any action taken by the Interstate Commerce Commission under § 5(2) (f), nor does it allege in what respect the section has been violated. The section does authorize a railroad and union to enter into an agreement protecting the interests of workers affected by a merger. To the extent that plaintiffs have been wronged it appears to have been through a misapplication of the Implementing Agreement. Thus once again we have the type of employee-employer contract dispute which under federal law must be submitted first to the Railroad Adjustment Board and not to the courts. Cf. Arnold v. Louisville & Nashville R.R. Co., 180 F.Supp. 429 (M.D.Tenn.1960), aff'd sub nom. Batts v. Louisville & Nashville R.R. Co., 316 F.2d 22 (6th Cir. 1963). Dismissal of this portion of the complaint was proper, in addition, because it did not give defendants "fair notice" of the basis of plaintiffs' claim under the Act. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■■ But we think that a different result is required concerning the portion of the complaint which alleges "hostile discrimination" on the part of the union defendants in refusing to process plaintiffs' claims against the railroad. In Steele v. Louisville & Nashville R.R. Co., 323 U.S. 192, 203, 65 S.Ct. 226, 89 L.Ed. 173 (1944), the Supreme Court held that the Railway Labor Act imposes upon unions a duty to represent fairly, without "hostile discrimination," all workers within a bargaining unit. Since a charge by an employee against a union for a violation of this duty does not involve a dispute between "an employee or group of employees and a carrier or carriers," 45 U.S.C. § 153 First (i), it does not fall within the jurisdiction of the Railroad Adjustment Board. Therefore it may be the basis of a suit in a federal district court. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Cunningham v. Erie Railroad Co., 266 F.2d 411, 414–416 (2d Cir. 1959).

■ This is true even where the claim of hostile discrimination is based on the union's failure to process a grievance and it is clear that the employees themselves could have carried their grievance to the Adjustment Board. The Supreme Court has held that this right to process a grievance personally cannot excuse a union's refusal to fulfill its duty of fair representation, for the union is in a far better position successfully to process a grievance than are individual workers. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, we disagree with the district court and hold that plaintiffs need not establish

---

1. 49 U.S.C. § 5(2) (f) provides:

"As a condition of its approval, under this paragraph, of any transaction involving a carrier or carriers by railroad subject to the provisions of this chapter, the Commission shall require a fair and equitable arrangement to protect the interests of the railroad employees affected. In its order of approval the Commission shall include terms and conditions providing that during the period of four years from the effective date of such order such transaction will not result in employees of the carrier or carriers by railroad affected by such order being in a worse position with respect to their employment, except that the protection afforded to any employee pursuant to this sentence shall not be required to continue for a longer period, following the effective date of such order, than the period during which such employee was in the employ of such carrier or carriers prior to the effective date of such order. Notwithstanding any other provisions of this chapter and chapters 8 and 12 of this title, an agreement pertaining to the protection of the interests of said employees may hereafter be entered into by any carrier or carriers by railroad and the duly authorized representative or representatives of its or their employees."

that they "could not personally press their rights under the collective bargaining agreement" in order to maintain this action against the union.

The only real question is whether the complaint's allegation of "hostile discrimination" is so unexplicated that it fails to give union defendants fair notice of the ground of plaintiffs' claim. The only hint concerning the nature of the discrimination is the complaint's statement that plaintiffs were replaced by " 'pre-merger' employees of the Erie Railroad."

The complaint does not make clear the basic reason why the plaintiffs are aggrieved, as stated to us upon the argument of the appeal, namely, that the union defendants are under the influence of the former employees of the Erie Railroad and as a result are not representing fairly the interests of the former employees of the Delaware, Lackawanna & Western Railroad in the merged line. It is settled that such a claim of political discrimination states a good cause of action under the Railway Labor Act. Ferro v. Railway Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961).

While we do not think that this basis of the claim can be fairly inferred from the face of the complaint, by the exercise of the liberal pre-trial and discovery devices available to them the defendants will be able to dispel any possible prejudice to them arising from the very broad nature of the allegations. See Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Particularly in suits of this kind, where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation, complaints should be construed whenever possible to avoid dismissals based on technical deficiencies in the specificity of the allegations. At the least a plaintiff should be given the opportunity to file supplemental pleadings unless it appears "beyond doubt" that he cannot state a good cause of action. Cf. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

On remand we hold plaintiffs should be granted leave to amend their complaint to state a cause of action against the Railroad, if they can, within the doctrine of Ferro v. Railway Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961). There we suggested that, in a suit against a union for "hostile discrimination" the employer can be joined as a party defendant if it "acted from a motive to discriminate or with knowledge that the [union] was discriminating." 296 F.2d at 851. Where the employer's action is only a consequence of the union's discriminatory conduct, e. g., Cunningham v. Erie Railroad Co., 266 F.2d 411 (2d Cir. 1959), or takes the form of joint discrimination with the union, then plaintiffs should be allowed to join the employer and the union in one action. Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed. 2d 519 (U.S. Jan. 14, 1969). And since the dispute draws its basic character from the union's violation of its duty of fair representation, recourse to the Railroad Adjustment Board should not be required insofar as the employer is fairly alleged to be implicated in the union's illegal conduct. Id., at 324, 89 S.Ct. 548.

But dismissal of the employer from this suit will be proper if it appears that its action furloughing the plaintiffs, and the union's discriminatory refusal to process grievances concerning these furloughs, were not part of a combined attempt to discriminate. In that event plaintiffs' complaint against the Railroad would concern a violation of their rights under the collective bargaining agreement and this, as discussed above, falls within the exclusive primary jurisdiction of the Adjustment Board.

The order of the district court is reversed and the complaint against the union is reinstated, with leave to the plaintiffs to amend the complaint to state a cause of action against the Railroad. If plaintiffs are unable so to amend then the complaint against the Railroad should be dismissed.