No. 12704

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

-------------------

WARREN BAILLIE,

Plaintiff and Appellant,

-vs-

J. W. ROLLINS, an individual, and BURLINGTON
NORTHERN, INC., a corporation,

Defendants and Respondents.

-------------------

Appeal from:  District Court of the Eighth Judicial District,
              Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:

        McKittrick and Duffy, Great Falls, Montana
        Joseph W. Duffy argued, Great Falls, Montana

    For Respondents:

        Gough, Booth, Shanahan and Johnson, Helena, Montana
        Ronald F. Waterman argued, Helena, Montana

-------------------

Submitted: November 18, 1974

Decided: DEC 3 0 1974

Filed: DEC 3 0 1974

*Thomas J. Kearney*
                            Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

On August 10, 1970 plaintiff-appellant Warren Baillie filed suit against defendants-respondents Burlington-Northern, Inc., a corporation operating a railway in Montana, and J. W. Rollins, an individual employed by Burlington-Northern. The complaint was couched in two separate counts. The first count was addressed primarily against Burlington-Northern and in substance made these allegations: That prior to August 10, 1970 Baillie was employed by Burlington-Northern as a railroad patrolman stationed in Livingston, Montana; that he was also commissioned as a special deputy sheriff of Park County; and that he performed services for Burlington-Northern for six years, but that on August 10, 1970 the railroad, through its agents and without just cause, terminated his employment contract, discharged him, and refused to rehire him. The second count was addressed primarily against Rollins. After realleging the employment relationship between Baillie and Burlington-Northern, this count alleged that Rollins, while acting within the course and scope of his employment, maliciously caused Burlington-Northern to terminate Baillie's contract of employment. Damages for lost wages, future wage losses, general damages, and punitive damages were sought from both defendants.

On September 18, 1973 defendants filed a motion to dismiss on the grounds, among others, that the district court lacked jurisdiction over the subject matter because the same had been preempted by federal law. The record before the district court consisted exclusively of plaintiff's complaint, defendants' motion, and supporting briefs. After considering these documents, the district court on December 19, 1973 sustained the motion to dismiss and ordered the action dismissed with prejudice. Baillie appeals from the judgment entered pursuant to this order.

The respective positions of the parties to this appeal can be fairly summarized as follows: Defendants contend that this is a labor dispute between an employer-railroad and an employee and therefore is exclusively within the jurisdiction of the National Railroad Adjustment Board (NRAB) under the provisions of the Railway Labor Act, 45 U.S.C.A. §§ 151 et seq. Baillie, however, maintains that the second count of his complaint alleges a tortious interference by Rollins, a third-party not privy to the contract, in the contractual relations between Baillie and Burlington-Northern, and that tort actions are outside the jurisdiction of the NRAB.

The numerous annotated cases under 45 U.S.C.A. § 153, wherein the NRAB derives its authority, have construed this section of the Railway Labor Act to mean that the NRAB has exclusive jurisdiction over minor disputes involving interpretation of collective bargaining agreements or contracts between employees and railroads. See, for example, Southern Ry. Co. v. Brotherhood of Locomotive Firemen, 337 F.2d 127 (1964) and Brotherhood of Railroad Train. v. Denver & R. G. W. R. Co., 290 F.2d 266 (1961), certiorari denied 366 U.S. 966, 6 L ed 2d 1256, 81 S.Ct. 1925, rehearing denied 368 U.S. 873, 7 L ed 2d 73, 82 S.Ct. 28. Such disputes include claims for wrongful removal from service. Ferro v. Railway Express Agency, Inc., 296 F.2d 847 (1961). The disposition of the present case, then, hinges upon the answer to one question: Does Baillie's complaint sound in contract or in tort?

On its face the first count of the complaint sounds in contract. There simply is no way to read it except as an allegation of wrongful discharge, which by its nature must be a contractual breach. Concerning the second count, Baillie urges that the tort of interference with contract has been alleged

- 3 -

and insists that the district court erred in failing to distinguish between the second count and the first. We could not disagree more, for the second count so contradicts itself as to be rendered meaningless. For instance, it is said that Rollins, in doing whatever he did to Baillie, acted within the course and scope of his employment with Burlington-Northern. We must note here that it is fundamental that a corporation can act only through its employees and officers, and the allegation in effect is directed to Burlington-Northern, not to Rollins individually. To charge the agent of the corporation is to charge the corporation. Then all that remains is an allegation that a party to a contract--Burlington-Northern--tortiously interfered with its own contract. Different issues would be presented had other torts, such as conversion or libel, been alleged, or had Rollins truly been sued in his own right, but they are not before us here.

From the foregoing it is manifest that this controversy is of the type Congress intended to be resolved only by the NRAB. The state courts lack jurisdiction over it; consequently, the judgment of the district court must be and is affirmed.

_____
                    Chief Justice

We concur:

_Gene B. Daly_
_____

_____
_Frank I. Haswell_
_John Conway Harrison_
Justices

- 4 -