**Wade CARROLL; William A. Carroll; J.J. Carroll; J.D. Carroll; Johnny Ray Hardy, Plaintiffs,**

v.

**NORFOLK SOUTHERN CORPORATION; T.A. Heilig; J.A. Cleland; G.A. Wilke; R.E. Hall, Defendants.**

**Civ. A. No. 85–H–1387–N.**

United States District Court,
M.D. Alabama, N.D.

Nov. 6, 1986.

Russell L. Irby, Eufaula, Ala., for plaintiffs.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, William F. Gardner and William K. Thomas, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION AND ORDER

HOBBS, Chief Judge.

The plaintiffs are five present and former employees of the Central of Georgia Railroad. The defendants are the Railroad's parent corporation and four of its supervisors. The plaintiffs have brought a suit against the defendants alleging tort of outrage and breach of the Labor Agree-

ment between the Railroad and the United Transportation Union, and seeking monetary and injunctive relief. The defendants have filed a motion for summary judgment contending that, accepting all the plaintiffs' allegations as true for purposes of deciding this motion, they are entitled to a judgment dismissing this cause as a matter of law for lack of jurisdiction. After a careful examination of the voluminous deposition testimony and briefs submitted in support of their motion, this Court finds that the defendants are entitled to summary judgment as the plaintiffs' complaints against the defendants are "minor" disputes within the meaning of the Railway Labor Act (RLA) and are therefore subject to the exclusive procedures established by that Act for such disputes.

Congress created the National Railway Adjustment Board (NRAB) pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, for the express purpose of creating an arbitration procedure for the prompt and orderly settlement of "all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a. These disputes over or concerning "grievances ... or application of agreements concerning rates of pay, rules, or working conditions" have come to be referred to as "minor" disputes. *Slagley v. Illinois Central R. Co.,* 397 F.2d 546 (7th Cir.1968).

The Supreme Court has consistently held that the arbitration procedure that Congress has created for the resolution of labor grievances and contract disputes is the exclusive remedy for handling "minor" disputes and that such disputes are not subject to litigation in any court. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The preemption doctrine in federal labor law is so strong that claims merely arguably subject to resolution by the NRAB must be submitted to it. See, for example, *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). In

that case the Supreme Court stated that the arbitration remedies of the RLA are the mandatory and exclusive means of resolving "minor" disputes. *Id.* at 325, 92 S.Ct. at 1565–66.

The plaintiffs' objections to the characterization of their complaints as "minor" disputes appear to be based on their belief that their complaints are "substantial" and hence should be considered "major" disputes. This argument misses the point because the actual or perceived substantial nature of a claim does not transform it into a "major" dispute within the meaning of the RLA. A "minor" dispute is not an insubstantial or unimportant dispute; rather, it is a dispute growing out of "grievances" or out of the "interpretation or application of agreements covering rates of pay, rules, or working conditions." In contrast, a "major" dispute is a dispute over the formation of a collective bargaining agreement or an attempt to change the terms of such agreements. See *Reed v. National Air Lines*, 524 F.2d 456, 458–459 (5th Cir.1975). Undoubtedly, more precise, less confusing and more descriptive terms could be used than "minor" and "major" to make the distinction between those disputes subject to arbitration and those subject to judicial review, but it is clear that the *nature* of the dispute is controlling, not its importance.

▪ A close examination of the complaint and the plaintiffs' deposition testimony yields the conclusion that all of their disputes involve the interpretation or application of the Labor Agreement's provisions regarding operating rules and working conditions. Indeed, the plaintiffs have added a count for breach of this Labor Agreement. Clearly, such a dispute is subject to the exclusive jurisdiction of the NRAB.

The characterization of the plaintiffs' claims as a tort of outrage does not remove the claim from the scope of RLA procedures. In substance the plaintiffs' claims are for wrongful discharge. The leading case on whether such cases are subject to preemption is *Magnuson v. Burlington Northern*, 576 F.2d 1367 (9th Cir.), *cert.*

*denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). The test is whether "this action is based on a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement and the RLA." 576 F.2d at 1369–70. In this case, many, if not all, of the plaintiffs' complaints have already been subjected to the Railroad's grievance procedures, and the plaintiffs have either consented to or not objected to submission to the grievance procedure's jurisdiction. As the plaintiffs' complaints arise almost entirely out of allegations that work rules have been discriminatorily enforced against them, they were and are properly subject to the Railroad's grievance procedure. The additional allegations that they have been the victims of a conspiracy or that the Railroad has acted upon improper motives does not alter this Court's finding that these are "minor" disputes within the meaning of the RLA. See, for example, *Choate v. Louisville & Nashville Railroad Co.*, 715 F.2d 369 (7th Cir.1983) and *Adams v. United Airlines, Inc.*, 578 F.Supp. 26 (N.D.Ill.1983).

▪ Lastly, the plaintiffs' contentions that they should be excused from proceeding before the NRAB because they would not be afforded due process of law before the NRAB must also be rejected as a basis for retaining jurisdiction. "This claim is without merit for the courts are involved with sufficient appellate jurisdiction over the [NRAB] to protect appellants from a denial of due process." *Ferro v. Railway Express Agency, Inc.*, 296 F.2d 847, 852–53 (2d Cir.1961).

In accordance with the foregoing reasoning, this Court finds that the defendants' motion for summary judgment is due to be and hereby is GRANTED as the NRAB has exclusive jurisdiction over the matters contained in the complaint.